IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SLAUGHTER INSURANCE AGENCY, and, WILLIAM H. SLAUGHTER, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. |
| ASTONISH RESULTS, L.P., MARY GILLEY, and NOREAST CAPITAL CORPORATION, | § § § § § | 3:10-CV-01398-P |
| Defendants. | § § | |

**NOREAST CAPITAL CORPORATION'S MOTION TO DISMISS PLAINTIFFS' CLAIMS PURSUANT TO RULES 9(B) AND 12(B)(3) & (6) AND SUPPORTING BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Noreast Capital Corporation ("Noreast") and files this Motion to Dismiss Plaintiffs' Claims Pursuant to Rules 9(b) and 12(b)(3) & (6) and Supporting Brief, and would respectfully show the Court as follows:

**I.
PROCEDURAL BACKGROUND**

1. On June 14, 2010, Plaintiffs' Original Petition was filed in state court.

2. On July 13, 2010, Defendant Astonish Results, L.P. ("Astonish") filed its Motion to Transfer Venue, Special Exceptions, Motion to Abate and Original Answer.

3. On July 16, 2010, Astonish removed this matter.

4. On August 10, 2010, Plaintiffs filed their Second Amended Petition in this Court, which added Noreast to this case.

5. On August 24, 2010, Plaintiffs filed their Third Amended Petition.

# II.
# ARGUMENTS AND AUTHORITIES

**A.     Standard Applicable to Motions to Dismiss.**

6.     Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a Rule 12(b)(6) motion, Plaintiffs must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In briefing a Rule 12(b)(6) motion, the parties are confined to facts contained on the face of the pleadings and any documents properly attached. *See Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). Pursuant to Rule 12(b)(6), the plaintiff must assert a legally sufficient claim for relief. *Hulliung v. Bolen*, 548 F. Supp. 2d 336, 338 (N.D. Tex. 2008) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and should be evaluated solely on the basis of the pleadings. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *see also Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). The trial court is compelled to dismiss a plaintiff's complaint for failure to state a claim when it appears beyond doubt that they can prove no set of facts that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). A complaint cannot withstand a motion to dismiss if no relief could be granted under any set of facts consistent with the allegations. *See Id.*; *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the element of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly*, 550 U.S. at 556). Although wellpleaded facts are viewed in the light most favorable to the plaintiffs, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993)). Critically, when deciding a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. As a result, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

   7. The United States Supreme Court warns that "an allegation of parallel conduct is thus much like a naked assertion of conspiracy in a §1 complaint: it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The Supreme Court has recognized the need for holding plaintiffs to this heightened pleading standard of particularity for fraud claims because "it is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).

**B. Plaintiffs Claims Against Noreast Must Be Dismissed as a Matter of Law Because Venue is Improper and Plaintiffs Have Failed to State Claims Upon Which Relief Can be Granted.**

   8. Noreast files this Motion to dismiss based on the following grounds:

___

NOREAST CAPITAL CORPORATION'S MOTION TO DISMISS    Page 3 of 5
PLAINTIFFS' CLAIMS AND SUPPORTING BRIEF
*Slaughter Insurance Agnecy, Inc. et al. v. Astonish Results, LP et al.;* 3-10-CV-1398-P

    a.    This matter should be dismissed pursuant to FRCP 12(b)(3) due to improper venue, which would properly be in the state of Rhode Island pursuant to the venue provision in the Agreement between Plaintiffs and Defendant Astonish that is the subject of Plaintiffs' claims;

    b.    This matter should be dismissed pursuant to FRCP 9(b) due to Plaintiffs failure to state with particularity the circumstances constituting fraud;

    c.    This matter should be dismissed pursuant to FRCP 9(b) and FRCP 12(b)(6) due to Plaintiffs failure to state a claim upon which relief can be granted, in connection with their alleged cause of action for purported violations of the Texas Business Opportunity Act claims and the appurtenant DTPA claims; and

    d.    This matter should be dismissed pursuant to FRCP 9(b) and FRCP 12(b)(6) due to Plaintiffs failure to state a claim upon which relief can be granted, in connection with their alleged cause of action for purported civil conspiracy.

## III.
## CONCLUSION

WHEREFORE, Defendants Noreast Capital Corporation respectfully request that the Court grant its Motion to Dismiss Plaintiffs' claim against Noreast as discussed above pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(3) & (6), as well as for such other relief at law or equity to which Noreast is entitled.

*Respectfully submitted*,

By: */s/ Robert E. Jenkins*
    ROBERT E. JENKINS
    State Bar No. 24036842
    Robert@JenkinsBabb.com
    JASON BABB
    State Bar No. 24044552
    Jason@JenkinsBabb.com
JENKINS | BABB, LLP
2727 LBJ Freeway, Suite 900
Dallas, Texas 75234
214.220.2022 - Telephone
866.379.3294 - Toll-Free Fax
ATTORNEYS FOR DEFENDANT
NOREAST CAPITAL CORPORATION

_____
NOREAST CAPITAL CORPORATION'S MOTION TO DISMISS    Page 4 of 5
PLAINTIFFS' CLAIMS AND SUPPORTING BRIEF
*Slaughter Insurance Agnecy, Inc. et al. v. Astonish Results, LP et al.;* **3-10-CV-1398-P**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that: I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of Texas on the 16th day of September, 2010.  The foregoing document was served on the following counsel of record by the Court's ECF system on the same date:

| | |
|---|---|
| Matthew W. Sparks | W. Ira Bowman |
| THE LAW OFFICES OF MATTHEW W. SPARKS | GODWIN RONQUILLO PC |
| 2201 Dottie Lynn Parkway, Suite 139 | 1201 Elm Street, Suite 1700 |
| Fort Worth, Texas 7612 | Dallas, Texas  75270-2041 |
| Fax: 214.206.9801 | Fax: 214.527.3239 |

09/16/10                                                                                 */s/ Robert E. Jenkins*
Date                                                                                          Robert E. Jenkins

_____
NOREAST CAPITAL CORPORATION'S MOTION TO DISMISS       **Page 5 of 5**
PLAINTIFFS' CLAIMS AND SUPPORTING BRIEF
*Slaughter Insurance Agnecy, Inc. et al. v. Astonish Results, LP et al.;* **3-10-CV-1398-P**