IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SLAUGHTER INSURANCE AGENCY, and, WILLIAM H. SLAUGHTER, | § § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § | 3-10-CV-1398-P |
| ASTONISH RESULTS, L.P.; and NOREAST CAPITAL CORPORATION, | § § § § | |
| Defendants. | § | |

### PLAINTIFFS' MOTION TO COMPEL INITIAL DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW SLAUGHTER INSURANCE AGENCY and WILLIAM H. SLAUGHTER ("Plaintiffs"), the plaintiffs in the above styled and numbered cause, and file this Motion to Compel Initial Disclosures against defendants Astonish Results, L.P. and Noreast Capital Corporation (collectively, "Defendants"), and in support thereof respectfully show the following:

1. Plaintiffs filed this action in state court on June 14, 2010.

2. Defendants removed this action to the Northern District of Texas on July 16, 2010.

3. On September 2, 2010, the Honorable Judge Solis signed a Scheduling Order [Doc. No. 14] providing, in pertinent part, that "Counsel shall comply with Fed. R. Civ. P. 26(a)(1) no later than October 15, 2010[.]"

4. Due to some confusion and disagreement as to whether discovery deadlines, and orders relating thereto, were abated pursuant to the automatic abatement provision of the Texas Deceptive Trade Practices Act, Section 17.505 of the Texas Business & Commerce Code, neither

Counsel for Plaintiffs nor Counsel for Defendants produced initial disclosures on or before October 15, 2010. However, on November 2, 2010, the Honorable Judge Solis signed an Order [Doc. No. 26] denying Astonish Results, L.P.'s Motion to Stay or Abate, thereby eliminating any confusion or disagreement as to the status of discovery in this case.

5. Accordingly, Matthew Sparks, counsel for Plaintiffs, wrote e-mails to counsel for each of the Defendants inquiring as to when they intended to produce initial disclosures in order to come into compliance with the Court's Scheduling Order. (*See* Exhibit A, attached hereto, consisting of a true and correct copy of the appurtenant e-mail chain). Mr. Sparks promptly produced Plaintiffs' initial disclosures on November 10, 2010, shortly after the Court denied Astonish's Motion to Stay or Abate. (*See* Exhibit B attached hereto, consisting of a true and correct copy of Plaintiffs' Initial Disclosures (attachments/enclosures omitted)).

6. Robert Jenkins, counsel for defendant Noreast Capital Corporation, ignored Mr. Sparks' e-mails and has yet to produce initial disclosures in compliance with the Court's Scheduling Order and the Federal Rules of Civil Procedure.

7. Ira Bowman, counsel for defendant Astonish Results, L.P., responded to Mr. Sparks' e-mails stating, "I believe that we should not begin discovery, including initial disclosures, until the court has ruled on the motion to transfer venue and motion to dismiss . . . . Furthermore . . . I do not believe any party will be prejudiced by this short delay." (*See* Ex. A). Defendant Astonish Results, L.P. has yet to produce initial disclosures in compliance with the Court's Scheduling Order and the Federal Rules of Civil Procedure.

8. Defendants should not be permitted to wantonly disregard the Court's Scheduling Order and the Federal Rules of Civil Procedure simply because their counsel opines that the parties would not be prejudiced by their noncompliance with the Court's Order.

WHEREFORE, Slaughter Insurance Agency and William H. Slaughter respectfully request that this Honorable Court enter an order compelling Defendants Astonish Results, L.P. and Noreast Capital Corporation to promptly produce initial disclosures in this action, and for such other and further relief, both at law and equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: _____
MATTHEW W. SPARKS
Texas Bar No. 24070655

**THE LAW OFFICES OF MATTHEW W. SPARKS**
2201 Dottie Lynn Parkway, Suite 139
Fort Worth, Texas 76120
(888) 476-1161
(214) 206-9801 (fax)

**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been or will be served upon all counsel of record by CM/ECF the 18th day of November, 2010.

_____
Matthew W. Sparks

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to confer with counsel for each of the defendants regarding the foregoing Motion to Compel, that Ira Bowman, counsel for Astonish Results, L.P., stated that he was opposed to this Motion, and that counsel for defendant Noreast Capital Corporation failed to respond to the undersigned's inquiries as to Noreast's opposition to this Motion.

_____
Matthew W. Sparks

# EXHIBIT A

# Matthew W. Sparks

**From:** Bowman, Ira <IBowman@godwinronquillo.com>
**Sent:** Wednesday, November 10, 2010 8:48 AM
**To:** Matthew Sparks
**Cc:** Von Sternberg, Jerry; Robert@jenkinsbabb.com
**Subject:** RE: Initial Disclosures

Matthew,
I understand the disclosures in Westchester/Rising Star to be due per the scheduling orders in those cases.
As to the Slaughter matter, I believe that we should not begin discovery, including initial disclosures, until the court has ruled on the motion to transfer venue and motion to dismiss, since these present initial jurisdictional issues for the court. Furthermore, because no party has presented initial disclosures at this point, I do not believe any party will be prejudiced by this short delay.
Thank you.
Ira

> **From:** Matthew Sparks [mailto:msparks@mattsparkslaw.com]
> **Sent:** Monday, November 08, 2010 10:43 AM
> **To:** Bowman, Ira
> **Cc:** Von Sternberg, Jerry; Robert@jenkinsbabb.com
> **Subject:** RE: Initial Disclosures
>
> How do you get that Westchester/Rising aren't due until next year?
>
> Scheduling Order in Slaughter says 10/15/10 was deadline. In light of your second motion to stay/abate having been denied last week, I think we need to go ahead and make disclosures in Slaughter asap. Do you agree?
>
> **Matthew W. Sparks**
> Attorney and Counselor at Law
> The Law Offices of Matthew W. Sparks
> 2201 Dottie Lynn Parkway, Suite 139
> Fort Worth, Texas 76120
> (888) 476-1161 (main)
> (214) 206-9801 (fax)
> (212) 920-5743 (cell)
>
> **From:** Bowman, Ira [mailto:IBowman@godwinronquillo.com]
> **Sent:** Tuesday, November 02, 2010 6:15 PM
> **To:** Matthew Sparks
> **Cc:** Von Sternberg, Jerry; Robert@jenkinsbabb.com
> **Subject:** RE: Initial Disclosures
>
> I believe the disclosures in the Westchester and Rising Star matters are not due until next year.
> As for Slaughter, given the abatement issue, and the briefing on the motion to transfer venue (and the fact that I am currently at the tail end of discovery on another matter and dealing

1

with lots of depositions there) I think we should hold off on discovery until we get the briefing done and the matter is ruled on. Thoughts?



**Ira Bowman**
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4485 Direct   (800.662.8393 Toll Free)
214.527.3239 Fax
ibowman@GodwinRonquillo.com
GodwinRonquillo.com

This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this communication in error, please notify Godwin Ronquillo PC immediately by telephone (800.662.8393) and destroy the original message. Messages sent to and from us may be monitored.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

**From:** Matthew Sparks [mailto:msparks@mattsparkslaw.com]
**Sent:** Tuesday, November 02, 2010 2:11 PM
**To:** Bowman, Ira; Robert@jenkinsbabb.com
**Subject:** Initial Disclosures

Gentlemen,

Can we come to an agreement on a deadline for initial disclosures in all three cases (Westchester, Rising Star, and Slaughter)? I know that the abatement somewhat muddied the FRCP deadline. Perhaps we can agree to all make initial disclosures within one week from today?

Sincerely,

**Matthew W. Sparks**
Attorney and Counselor at Law
The Law Offices of Matthew W. Sparks
2201 Dottie Lynn Parkway, Suite 139
Fort Worth, Texas 76120
(888) 476-1161 (main)
(214) 206-9801 (fax)
(212) 920-5743 (cell)

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SLAUGHTER INSURANCE AGENCY, and, WILLIAM H. SLAUGHTER, | § § § § § § § § § § § § | Civil Action No. 3:10-CV-01398-P |
| Plaintiffs, | | |
| v. | | |
| ASTONISH RESULTS, L.P., and NOREAST CAPITAL CORPORATION, | | |
| Defendants. | | |

**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)(A)**

TO: Defendant Astonish Results, L.P. by and through their attorneys of record, W. Ira Bowman and Jerry C. von Sternberg, Godwin Ronquillo P.C., 1201 Elm Street, Suite 1700 Dallas, Texas 75270.

TO: Defendant Noreast Capital Corporation by and through their attorneys of record, Robert E. Jenkins and Jason Babb, 2727 LBJ Freeway Suite 900 Dallas, TX 75234.

COME NOW, Slaughter Insurance Agency and William H. Slaughter ("Plaintiffs"), who hereby submit these initial disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

**INTRODUCTORY STATEMENT**

These initial disclosures are made in good faith by Plaintiffs based on information reasonably available at this time and without the benefit of significant investigation or discovery, which limits the information available. Plaintiffs reserve the right to supplement these disclosures if subsequent investigation reveals additional information or the need for revisions to information disclosed. In particular, these disclosures should not be considered to limit Plaintiffs' ability to later identify individuals with knowledge of relevant facts or documents, as

they may become known to Plaintiffs through discovery and investigation. At this time, Plaintiffs identify the enclosed information and documents which may be used to support their claims. By identifying such information and documents, Plaintiffs do not waive any objections based upon relevance, materiality, confidentiality, privilege, immunity from disclosure or other grounds.

## FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)(A) INITIAL DISCLOSURES

**(i)** **the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]**

**William H. Slaughter**
c/o Matthew W. Sparks
The Law Offices of Matthew W. Sparks
2201 Dottie Lynn Parkway, Suite 139
Fort Worth, Texas 76120
(888) 476-1161 (phone)
(214) 206-9801 (fax)

Mr. Slaughter is a plaintiff in this action and is likely to have discoverable information concerning each and every of Plaintiffs' claims.

**Scott Kakacek**
c/o Matthew W. Sparks
The Law Offices of Matthew W. Sparks
2201 Dottie Lynn Parkway, Suite 139
Fort Worth, Texas 76120
(888) 476-1161 (phone)
(214) 206-9801 (fax)

Mr. Kakacek is a plaintiff in a lawsuit filed against Defendants, and is likely to have discoverable information concerning each and every of Plaintiffs' claims.

**David Phillips**
c/o Matthew W. Sparks
The Law Offices of Matthew W. Sparks
2201 Dottie Lynn Parkway, Suite 139
Fort Worth, Texas 76120
(888) 476-1161 (phone)
(214) 206-9801 (fax)

Mr. Phillips is a plaintiff in a lawsuit filed against Defendants, and is likely to have discoverable information concerning each and every of Plaintiffs' claims.

**Nicole Vadnais**
c/o W. Ira Bowman
1201 Elm Street, Suite 1700
Dallas, Texas 75270
(214) 939-4485 (phone)
(214) 527-3239 (fax)

Ms. Vadnais is believed to be a "Business Development and Chief Finance Manager" for defendant Astonish Results, L.P., and is believed to be likely to have discoverable information concerning aspects of Astonish's operations, marketing, sales efforts, finances, contracts, agreements, partners, officers, directors, attorneys, and fraudulent misrepresentations, and concerning defendant Noreast Capital Corporation.

**David A. Simas**
165 Lakehurst Avenue
Coventry, Rhode Island 02816

Mr. Simas is believed to be a limited partner of defendant Astonish Results, L.P., and is believed to be likely to have discoverable information concerning aspects of Astonish's operations, marketing, sales efforts, finances, contracts, agreements, partners, officers, directors, attorneys, and fraudulent misrepresentations, and concerning defendant Noreast Capital Corporation.

**Lorry A. Simas**
165 Lakehurst Avenue
Coventry, Rhode Island 02816

Mrs. Simas is believed to be the co-trustee of a limited partner of defendant Astonish Results, L.P., and is believed to be likely to have discoverable information concerning aspects of Astonish's operations, marketing, sales efforts, finances, contracts, agreements, partners, officers, directors, attorneys, and fraudulent misrepresentations, and concerning defendant Noreast Capital Corporation.


**Adam D. DeGraide**
7512 Dr. Phillips Boulevard
Suite 50, PMB 347
Orlando, Florida 32819

Mr. DeGraide is believed to be the trustee of a limited partner of defendant Astonish Results, L.P., and is believed to be likely to have discoverable information concerning aspects of Astonish's operations, marketing, sales efforts, finances, contracts, agreements, partners,

officers, directors, attorneys, and fraudulent misrepresentations, and concerning defendant Noreast Capital Corporation.

**John H. Boudreau**
34 Marden Street
Cranston, Rhode Island 02910

Mr. Boudreau is believed to be a limited partner of defendant Astonish Results, L.P., and is believed to be likely to have discoverable information concerning aspects of Astonish's operations, marketing, sales efforts, finances, contracts, agreements, partners, officers, directors, attorneys, and fraudulent misrepresentations, and concerning defendant Noreast Capital Corporation.

**Timothy C. Sawyer**
16 Pheasant Run
Saunderstown, Rhode Island 02874

Mr. Sawyer is believed to be a limited partner of defendant Astonish Results, L.P., and is believed to be likely to have discoverable information concerning aspects of Astonish's operations, marketing, sales efforts, finances, contracts, agreements, partners, officers, directors, attorneys, and fraudulent misrepresentations, and concerning defendant Noreast Capital Corporation.

**Bonnie Sawyer**
16 Pheasant Run
Saunderstown, Rhode Island 02874

Mrs. Sawyer is believed to be a limited partner of defendant Astonish Results, L.P., and is believed to be likely to have discoverable information concerning aspects of Astonish's operations, marketing, sales efforts, finances, contracts, agreements, partners, officers, directors, attorneys, and fraudulent misrepresentations, and concerning defendant Noreast Capital Corporation.

**Eric Maybaum**
10 Arbor Way
East Greenwich, Rhode Island 02818

Mr. Maybaum is believed to be a limited partner of defendant Astonish Results, L.P., and is believed to be likely to have discoverable information concerning aspects of Astonish's operations, marketing, sales efforts, finances, contracts, agreements, partners, officers, directors, attorneys, and fraudulent misrepresentations, and concerning defendant Noreast Capital Corporation.

**Thomas Couture**
138 Chestnut
Douglas, Massachussetts 01516

Mr. Couture is believed to be a limited partner of defendant Astonish Results, L.P., and is believed to be likely to have discoverable information concerning aspects of Astonish's operations, marketing, sales efforts, finances, contracts, agreements, partners, officers, directors, attorneys, and fraudulent misrepresentations, and concerning defendant Noreast Capital Corporation.

**Colleen Couture**
138 Chestnut
Douglas, Massachussetts 01516

Mrs. Couture is believed to be a limited partner of defendant Astonish Results, L.P., and is believed to be likely to have discoverable information concerning aspects of Astonish's operations, marketing, sales efforts, finances, contracts, agreements, partners, officers, directors, attorneys, and fraudulent misrepresentations, and concerning defendant Noreast Capital Corporation.

**Noreen Johnson**
600 Lavina Drive
Mechanisburg, Pennsylvania 17055

Ms. Johnson is believed to be a limited partner of defendant Astonish Results, L.P., and is believed to be likely to have discoverable information concerning aspects of Astonish's operations, marketing, sales efforts, finances, contracts, agreements, partners, officers, directors, attorneys, and fraudulent misrepresentations, and concerning defendant Noreast Capital Corporation.

**Kimberly C. Wells**
c/o W. Ira Bowman
1201 Elm Street, Suite 1700
Dallas, Texas 75270
(214) 939-4485 (phone)
(214) 527-3239 (fax)

Ms. Wells is believed to have been an employee of defendant Astonish Results, L.P. at all relevant times, and is believed to have executed the Website Development Design and Marketing Services Agreement that is the subject of this lawsuit. Ms. Wells is also believed to be likely to have discoverable information concerning aspects of Astonish's operations, marketing, sales efforts, finances, contracts, agreements, partners, officers, directors, attorneys, and fraudulent misrepresentations, and concerning defendant Noreast Capital Corporation.

(ii)    a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Plaintiffs have not yet determined which exhibits they may use at trial, but, in an effort to be as forthcoming as possible at this time, enclosed herewith are copies of documents currently in Plaintiffs' possession, custody or control that they may use at trial. Plaintiffs may also use at trial any or all documents produced by Defendants. Plaintiffs may also use or all documents that are currently filed, or may be later filed, of record in any lawsuit involving Astonish Results, L.P. and/or Noreast Capital Corporation, which documents are a matter of public record and, therefore, available for Defendants' copying and inspection at the appurtenant Courts of Law. Plaintiffs believe that additional documents are in the possession, custody, and control of Plaintiffs, including documents concerning payments made to Astonish and Noreast and documents concerning communications and correspondences relevant to the subject matter of the lawsuit, but Plaintiffs are in the process of locating all such documents. Plaintiffs will supplement their response as soon as Plaintiffs have compiled all responsive documents.

**(iii)   a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]**

At this time, Plaintiffs are without sufficient information to accurately calculate Plaintiffs' damages. Plaintiffs reserve the right to supplement this response. Plaintiffs' damages will be calculated by simple arithmetic, and/or by a qualified economist. Plaintiffs' damages will include any and all amounts previously paid to defendant Astonish Results, L.P. by Plaintiffs, any and all amounts paid to defendant Noreast Capital Corporation by Plaintiffs in connection with the Lease Agreement that is the subject of this lawsuit, any and all amounts that Plaintiffs may be found to be liable to defendant Noreast Capital Corporation in connection with the Lease Agreement, and treble, punitive, exemplary, and mental anguish damages in amounts to be determined pursuant to applicable law.

**(iv)   for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnity or reimburse for payments made to satisfy the judgment.**

None in Plaintiffs' possession, custody or control at this time.

Respectfully submitted,

By: /s/ Matthew W. Sparks
    MATTHEW W. SPARKS
    Texas Bar No. 24070655

**THE LAW OFFICES OF MATTHEW W. SPARKS**
2201 Dottie Lynn Parkway, Suite 139
Fort Worth, Texas 76120
(888) 476-1161
(214) 206-9801 (fax)

**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon all counsel of record by CMRRR the 10th day of November, 2010.

Jerry C. von Sternberg
W. Ira Bowman
1201 Elm Street, Suite 1700
Dallas, Texas 75270
(214) 527-3239 (fax)

Robert E. Jenkins
Jason Babb
2727 LBJ Freeway Suite 900
Dallas, Texas 75234
(866) 379-3294 (fax)

                                                  /s/ Matthew W. Sparks
                                                  Matthew W. Sparks