# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SLAUGHTER INSURANCE AGENCY, and, WILLIAM H. SLAUGHTER, | § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § | 3-10-CV-1398-P |
| ASTONISH RESULTS, L.P.; and NOREAST CAPITAL CORPORATION, | § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| WESTCHESTER ENTERPRISES, INC., and, DAVID PHILLIPS, | § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § | 3-10CV-1773 |
| ASTONISH RESULTS, L.P., and NOREAST CAPITAL CORPORATION, | § § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| RISING STAR INSURANCE GROUP, INC., and, SCOTT KAKACEK, | § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § | 3-10CV-1774K |
| ASTONISH RESULTS, L.P.; and NOREAST CAPITAL CORPORATION, | § § § | |
| Defendants. | § | |

# PLAINTIFFS' JOINT MOTION TO CONSOLIDATE THREE CIVIL CASES, AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Slaughter Insurance Agency, William H. Slaughter, Westchester Enterprises, Inc., David Phillips, Rising Star Insurance Group, Inc., and Scott Kakacek, plaintiffs in the above-styled and numbered causes (collectively, "Movants"), and file this Motion to Consolidate Three Civil Cases, and Brief in Support, and in support thereof respectfully show the following:

## I. SUMMARY

1. Movants respectfully request that each of the above-styled and numbered causes (hereinafter collectively referred to as the "Lawsuits") be consolidated into one action for all purposes.[1] Each of the Lawsuits is currently pending in the United States District Court for the Northern District of Texas and involves the same defendants, common issues of fact and law, and the same counsel for each of the parties. Accordingly, under Federal Rule of Civil Procedure 42, the Lawsuits should be consolidated into one action.

## II. FACTS, ARGUMENTS, AND AUTHORITIES

2. Although filed at different times, each of the Lawsuits involves allegations made by similarly situated insurance agencies, and their principals, against Astonish Results, L.P. ("Astonish") and Noreast Capital Corporation ("Noreast"). In all three of the Lawsuits, Movants allege, *inter alia*, that Astonish and Noreast made numerous fraudulent misrepresentations to Movants in order to induce Movants to enter into contracts with each of Astonish and Noreast.

---

[1] This Motion to Consolidate is being filed in the Honorable District Judge Solis's court because, out of the three (3) nearly identical Lawsuits, the one currently pending in Judge Solis's court bears the lowest civil action number (because it was filed first).

3. The Complaints filed by each of the Movants in the Lawsuits are virtually identical, except for the names of the plaintiffs. (*See* Movants' Joint Appendix filed concurrently herewith, which includes true and correct copies of each of the Complaints). Because many of the fraudulent misrepresentations that Movants believe Astonish and Noreast made were allegedly made by way of Astonish's website and various sales and marketing materials, identical copies of which are believed to have been provided to each of Movants, even the documentary evidence in each of the Lawsuits will likely be the same or substantially similar.

4. In fact, in a Motion to Stay Discovery and for Protection recently filed by Astonish [Doc. No. 27 in Civil Action No. 3:10-cv-1398-P], **Astonish admits that "[a]side from the case styles and the names of the plaintiffs, all three lawsuits are identical . . . ."** (Emphasis added).

5. Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." "[C]onsolidation is permitted as a matter of convenience and economy in administration . . . ." *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97 (1933). If the separate suits could have originally been brought as one suit, they can be consolidated and treated as a single case for the purposes of trial, judgment, and appeal. *Ringwald v. Harris*, 675 F.2d 768, 769 (5th Cir. 1982).

6. Each of the Lawsuits filed by Movants involve common parties, including Astonish and Noreast. The Lawsuits involve common issues of fact and law, as evidenced by the fact that the Complaints in each of the Lawsuits are virtually identical. Counsel for the various parties to each of the Lawsuits are also identical.

7. Consolidation of the Lawsuits will not result in any unfair advantage to any of the parties, as there is no risk of prejudice or possible confusion if the Lawsuits are consolidated. If

there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately. In addition, the burden on the parties, their counsel, and, most importantly, the Courts, will be substantially higher if the Lawsuits are not consolidated. Accordingly, consolidation will conserve judicial resources and will resolve the Lawsuits in less time, and with less expense, than if they were tried separately.

### III.   CONCLUSION

8. The Lawsuits should be consolidated for all purposes because, as respondent Astonish explained in its Motion to Stay Discovery and for Protection, "[a]side from the case styles and the names of the plaintiffs, all three lawsuits are identical . . . ."

WHEREFORE, PREMISES CONSIDERD, Slaughter Insurance Agency, William H. Slaughter, Westchester Enterprises, Inc., David Phillips, Rising Star Insurance Group, Inc., and Scott Kakacek respectfully request that this Honorable Court enter an order consolidating all three (3) of the above-styled and numbered causes for all purposes, and that they be granted such other and further relief, both at law and equity, to which they may be justly entitled.

Respectfully submitted,

By: /s/ Matthew W. Sparks
    MATTHEW W. SPARKS
    Texas Bar No. 24070655

**THE LAW OFFICES OF MATTHEW W. SPARKS**
2201 Dottie Lynn Parkway, Suite 139
Fort Worth, Texas 76120
(888) 476-1161
(214) 206-9801 (fax)

**Attorney for Movants**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been or will be served upon all counsel of record by CM/ECF the 19th day of November, 2010.

                                                  /s/ Matthew W. Sparks
                                                  Matthew W. Sparks

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for each of the parties regarding the foregoing Motion, and counsel stated that they are opposed to the relief sought herein.

                                                  /s/ Matthew W. Sparks
                                                  Matthew W. Sparks