IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SLAUGHTER INSURANCE AGENCY and WILLIAM H. SLAUGHTER, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. |
| ASTONISH RESULTS, L.P. and NOREAST CAPITAL CORPORATION, | § § § § | 3:10-CV-01398-P |
| Defendants. | § | |

| | | |
|---|---|---|
| WESTCHESTER ENTERPRISES INC. and DAVID PHILLIPS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. |
| ASTONISH RESULTS, L.P. and NOREAST CAPITAL CORPORATION, | § § § § | 3:10-CV-1773-O |
| Defendants. | § | |

| | | |
|---|---|---|
| RISING STAR INSURANCE GROUP, INC. and SCOTT KAKACEK, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. |
| ASTONISH RESULTS, L.P. and NOREAST CAPITAL CORPORATION, | § § § § | 3:10-CV-1774-O |
| Defendants. | § | |

**DEFENDANT ASTONISH RESULTS, L.P.'S RESPONSE TO PLAINTIFFS' JOINT
MOTION TO CONSOLIDATE THREE CIVIL CASES AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Astonish Results, L.P. ("Astonish") and respectfully files this Response to Plaintiffs' Joint Motion to Consolidate Three Civil Cases and Brief in Support, and would respectfully show unto the Court as follows:

### I. BACKGROUND

On June 14, 2010, Plaintiffs Slaughter Insurance Agency and William H. Slaughter filed their Original Petition in the 196th Judicial District Court of Hunt County, Texas. On July 16, 2010, that case was removed to federal court. On August 6, 2010, Plaintiffs Westchester Enterprises, Inc. and David Phillips filed their Original Petition in the 162nd Judicial District Court of Dallas County, Texas. On September 9, 2010, that case was removed to federal court. Also on August 6, 2010, Plaintiffs Rising Star Insurance Group, Inc. and Scott Kakacek filed their Original Petition in the 68th Judicial District Court of Dallas County, Texas. On September 9, 2010, that case was also removed to federal court.

On November 19, 2010, Plaintiffs filed a Joint Motion to Consolidate Three Civil Cases and Brief in Support. Defendant Astonish files this Response because there are few, if any, common questions of fact; consolidation will confuse the jury; and the potential for prejudice, delay, and confusion far outweighs the judicial resources that may be conserved by a consolidation.

### II. ARGUMENTS AND AUTHORITIES

**Legal Standard**

Courts have discretion to consolidate civil actions when they involve common questions of law and fact, when the parties would not be prejudiced by the consolidation, and when the consolidation would serve the interests of judicial economy. FED. R. CIV. P. 42; *see Enterprise*

*Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). In their Motion, Plaintiffs argue that the three cases involve similar questions of law or fact and will not result in any unfair advantage to either party. Astonish does not agree.

Cases should not be consolidated if the potential for prejudice, delay, and confusion outweighs the judicial resources conserved by consolidation. *See Dal-Briar Corp. v. Baskette,* 833 S.W.2d 612, 615 (Tex. App. – El Paso 1992, no writ). Each case should be evaluated on its own facts to determine whether the anticipated benefits of consolidation outweigh the potential prejudice to the parties, inconvenience, delay or expense. *See St. Bernard Gen. Hosp., Inc. v. Hospital Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1977). The mere presence of a common question of law or fact does not mandate consolidation. *See DuPont v. Southern Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966). The Court may refuse to consolidate if it will lead to confusion or prejudice. *Id.* In the present case, Astonish will be greatly prejudiced if these three separate actions are consolidated; therefore, the Court should deny Plaintiffs' Motion.

**<u>Plaintiff's Have Failed to Prove Any Common Questions of Fact</u>**

Plaintiffs allege that there are common questions of law and fact among the three sets of Plaintiffs. However, they have failed to provide evidence of any common questions of fact between the three cases, other than the fact that the Defendants are the same. In their Motion, Plaintiffs state that the documentary evidence will likely be the same. However, Plaintiffs fail to specify what this anticipated evidence is and how it will be similar, other than to allege that Plaintiffs believe all three sets of Plaintiffs viewed Astonish's website and may have received sales and marketing materials. The mere belief that Plaintiffs may have viewed Astonish's website or materials prior to doing business with them, is not sufficient to establish a common question of fact. Further, Plaintiffs have failed to produce or even specify the "sales and

marketing materials" that they allegedly all viewed. Plaintiffs fail to show any evidence of overlapping questions of fact. Rather, they present this Court with mere beliefs, guesses, and conjectures.

Plaintiffs attempt to avoid this grave lack of evidence by directing the Court to one sentence in a motion previously filed by Astonish and unrelated to the consolidation of these actions. Astonish agrees that each Petition alleges similar causes of action against it; however, there is still little, if any, evidence of any common questions of fact. Further, the mere existence of a common question of law or fact does not automatically mandate consolidation. *DuPont*, 366 F.2d at 196. Here, the potential prejudice to Astonish far outweighs any anticipated benefit from consolidation. Thus, the Court should deny Plaintiffs' Motion and keep these three, individual and unique actions separate.

**Consolidation Will Lead to Jury Confusion**

Consolidation will unfairly prejudice Astonish by causing undue jury confusion. A jury will hear evidence on the multiple allegations against Astonish by the three sets of Plaintiffs, and will be more inclined to find Astonish liable based solely on the fact that there are multiple Plaintiffs. *See Dal-Briar,* 833 S.W.2d at 616; *see also Williams v. State*, 253 S.W. 3d 673, 676 (Tex. Crim. App. 2008).

In *Dal-Briar*, three Plaintiffs all represented by the same counsel and all former employees of the same company, alleged that their employment was terminated due to a common scheme or practice to discriminate against workers who filed a claim for workers' compensation. *Dal-Briar*, 833 S.W.2d at 614. The three Plaintiffs moved to consolidate the actions based on the common fact that all three Plaintiffs were terminated after making a compensation claim. *Id.* However, the Eight District Texas Court of Appeals in El Paso denied

the consolidation on the grounds that it would unfairly prejudice the defendants. The Court held that the consolidation of these actions would allow an opportunity for the plaintiffs to "bootstrap" off the other actions, which would create an unacceptable probability of unjust results against the defendant. *Id.* at 616. The Court further found that although common issues of law and fact existed, they were not enough to predominate and mandate consolidation. *Id.*

The *Dal-Bria*r case is very similar to the present actions. Even if the Court finds a common question of law or fact exists among these three separate actions, it is not enough to warrant consolidation because the risk of confusion to the jury and unfair prejudice to Astonish far outweighs any anticipated benefit. Astonish will be greatly and unfairly prejudiced if these three actions are consolidated because Plaintiffs will be able to "bootstrap" off of each other's cases. A jury should consider the independent facts of each action separately and try them on their own merits. Plaintiffs should not be able to gain an unfair advantage through consolidation. As such, Astonish requests that this Court deny Plaintiffs Motion and keep these actions separate.

### III. CONCLUSION

Plaintiffs have failed to produce any evidence of a common question of fact among these three actions. While Plaintiffs' Petitions may be similar, that alone is not enough to show a common thread of fact to warrant consolidation. Even if the Court finds that there are some overlapping similarities in these three actions, it should still deny consolidation because Astonish will be greatly prejudiced. The confusion to the jury and the unfair advantage that will be given to the Plaintiffs far outweigh any potential benefit of consolidation. Thus, Plaintiffs' Motion should be denied.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Astonish Results, L.P. respectfully asks the Court to enter an order denying Plaintiffs' Joint Motion to Consolidate Three Civil Cases and Brief in Support, and for such other relief at law or in equity to which Astonish is entitled.

**Respectfully Submitted,**

**GODWIN RONQUILLO PC**

By: /s/ W. Ira Bowman
**Jerry C. von Sternberg**
State Bar No. 20618150
**W. Ira Bowman**
State Bar No. 24050316

1201 Elm Street, Suite 1700
Dallas, Texas  75270-2041
214.939.4485
214.527.3239 – Facsimile

jvonsternberg@GodwinRonquillo.com
ibowman@GodwinRonquillo.com

**ATTORNEYS FOR ASTONISH RESULTS, L.P.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below, a true and correct copy of the foregoing document has been served upon counsel of record in this matter via ECF notification:

December 3, 2010                                 /s/ W. Ira Bowman
Date                                                       W. Ira Bowman