IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SLAUGHTER INSURANCE AGENCY, and, WILLIAM H. SLAUGHTER, | § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § | 3-10-CV-1398-P |
| ASTONISH RESULTS, L.P.; and NOREAST CAPITAL CORPORATION, | § § § § | |
| Defendants. | § | |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND MOTION FOR MODIFICATION OF SCHEDULING ORDER, AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW SLAUGHTER INSURANCE AGENCY and WILLIAM H. SLAUGHTER ("Plaintiffs"), plaintiffs in the above styled and numbered cause, and file this Motion to Compel Discovery and Motion for Modification of Scheduling Order, and Brief in Support, and in support thereof respectfully show the following:

**I.  Motion to Compel Discovery – Astonish Responded with Objections, but Refuses to Produce Any Documents; Noreast Failed to Respond Whatsoever.**

1. Plaintiffs respectfully request that this Honorable Court enter an Order compelling defendants Astonish Results, L.P. ("Astonish") and Noreast Capital Corporation ("Noreast") to properly respond to Plaintiffs' First Requests for Production.

2. Plaintiffs served counsel for each of Astonish and Noreast with Plaintiffs' First Requests for Production (the "RFP's"), true and correct copies of which are attached hereto as Exhibit 1 and incorporated herein by reference, by facsimile on October 28, 2010.

3. Astonish served Plaintiffs with a document called "Defendant Astonish Results, L.P.'s Responses and Objections to Plaintiffs' First Request for Production" on November 29, 2010 ("Astonish's RFP Responses"), true and correct copies of which are attached hereto as Exhibit 2 and incorporated herein by reference. Astonish's RFP Responses failed to enclose or attach *any* responsive documents at all whatsoever.

4. Instead, Astonish's RFP Responses set forth a litany of boilerplate objections and state that "responsive, non-privileged documents, if any, will be produced." (See Ex. 2). Accordingly, on December 1, 2010, the undersigned, counsel for Plaintiffs, e-mailed Ira Bowman, counsel for defendant Astonish, inquiring as to when Plaintiffs may send someone to pick up and make copies of Astonish's responsive documents. (See Exhibit 3 attached hereto, consisting of a true and correct copy of the e-mail chain). Mr. Bowman, Astonish's counsel, responded that "we [Astonish] are not producing any documents at this time."[1] (See Ex. 3).

5. Astonish's discovery obligations under the Federal Rules of Civil Procedure obviously require the actual production of documents, not just copy-and-paste objections accompanied by a promise to produce responsive documents at a later time, followed by a flat-out refusal to produce *anything*. Accordingly, Plaintiffs respectfully request that this Court enter an Order compelling Astonish to immediately produce all documents and things that are responsive to Plaintiffs' First Requests for Production.

6. Defendant Noreast, on the other hand, has failed to respond at all whatsoever to Plaintiffs' First Requests for Production. Accordingly, Noreast has waived any and all objections which it might have otherwise asserted to the RFP's. *See, e.g. In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989) (when a party fails to timely object to discovery requests, the general

---

[1] Astonish contends that discovery in this lawsuit should be indefinitely stayed until its Motion to Dismiss and to Transfer Venue is decided. [See Astonish's Motion to Stay and for Protection, Doc. No. 27].

**Plaintiffs' Motion to Compel Discovery and Motion for Modification of Scheduling Order  Page 2 of 5**

rule is that all objections are deemed waived). Plaintiffs respectfully request that this Court enter an Order compelling Noreast to immediately produce all documents and things that are responsive to Plaintiffs' First Requests for Production, without withholding anything on the basis of any objection which Noreast could have timely asserted.

      **II.**     **Motion for Modification of Scheduling Order – The Delay Caused By Defendants' Failure to Participate in Discovery Necessitates the Extension of All Deadlines.**

      7.     Plaintiffs filed this action in state court on June 14, 2010. Defendants removed this action to the Northern District of Texas on July 16, 2010. As explained in this Court's Order [Doc. No. 26] denying Astonish's Motion to Abate [Doc. No. 15], discovery in this lawsuit was abated, by operation of Section 17.505 of the Texas Deceptive Trade Practices Act, from August 11, 2010 until October 11, 2010.

      8.     After the abatement expired, Plaintiffs produced their initial disclosures, Plaintiffs requested that counsel for Defendants also produce their initial disclosures (in compliance with the Court's Scheduling Order in this case and with the Federal Rules of Civil Procedure), and Plaintiffs served defendants Astonish and Noreast with Plaintiffs First Requests for Production, which are the subject of the above and foregoing Motion to Compel. However, Defendants have failed and refused, and continue to fail and refuse, to meaningfully participate in discovery.

      9.     Defendants' election to disobey the Court's Scheduling Order regarding the deadline for initial disclosures necessitated Plaintiffs' filing of a Motion to Compel [Doc. No. 30], which is pending before this Court. Defendants' failure to produce any documents responsive to Plaintiffs' First Requests for Production, as discussed herein above, also necessitated Plaintiffs' filing of the instant Motion to Compel.

10. As of the date hereof (December 6, 2010), because Defendants have effectively ignored each and every of Plaintiffs' good-faith discovery requests in this action, in blatant disregard of this Court's Scheduling Order requiring that initial disclosures be made, Plaintiffs have yet to have the opportunity to conduct a fair investigation of the facts in this case. As a result, many deadlines set by the Court's Scheduling Order are fast approaching, at a time when Plaintiffs have not had any meaningful opportunity to conduct discovery in advance of the same.

11. The Scheduling Order currently governing this case [Doc. No. 14] provides for a number of deadlines which Plaintiffs, as a result of the substantial delays caused by Defendants' failure to participate in discovery, will simply be unable to meet. For example, the Scheduling Order provides that December 17, 2010 is the deadline for motions for leave to join other parties and to amend pleadings. This deadline is a mere eleven (11) days away and, despite Plaintiffs efforts at procuring discovery from Defendants, Defendants' abuse of the discovery process (as described above and in Plaintiffs' Motion to Compel Initial Disclosures) has prevented Plaintiffs from being able to review any documents in Defendants' possession, custody or control to determine whether Plaintiffs need to amend their pleadings or join additional parties. As another example, the current Scheduling Order sets February 28, 2011 as the deadline for certain expert designations. For the same reasons described above, it will likely be impossible for Plaintiffs to be able to meet this deadline. Defendants' intentional failure to participate in discovery has simply (and completely unnecessarily) delayed this case.

12. Accordingly, Plaintiffs respectfully request that this Honorable Court enter a modified Scheduling Order, moving all deadlines (except for those which have, as of the date hereof, already lapsed) forward by at least one hundred twenty (120) days.

WHEREFORE, Slaughter Insurance Agency and William H. Slaughter respectfully request that this Honorable Court enter an order compelling defendants Astonish Results, L.P. to produce all documents and things responsive to Plaintiffs' First Requests for Production, compelling defendant Noreast Capital Corporation to do the same, without withholding any documents on the basis of any objections, modifying the Scheduling Order in this case to provide for an additional one hundred twenty (120) days, and for such other and further relief, both at law and equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: /s/ Matthew W. Sparks
MATTHEW W. SPARKS
Texas Bar No. 24070655

**THE LAW OFFICES OF MATTHEW W. SPARKS**
2201 Dottie Lynn Parkway, Suite 139
Fort Worth, Texas 76120
(888) 476-1161
(214) 206-9801 (fax)

**Attorney for Plaintiffs**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been or will be served upon all counsel of record by CM/ECF the 6th day of December, 2010.

/s/ Matthew W. Sparks
Matthew W. Sparks

### CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to confer with counsel for each of the defendants regarding the foregoing and that counsel did not respond indicating whether they were opposed or unopposed to the relief sought herein.

/s/ Matthew W. Sparks
Matthew W. Sparks