IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SLAUGHTER INSURANCE AGENCY and WILLIAM H. SLAUGHTER, § § § | | |
| Plaintiff, § § | | |
| v. § § | CIVIL ACTION NO. | |
| ASTONISH RESULTS, L.P., and NOREAST CAPITAL CORPORATION, § § § | 3:10-CV-01398-P | |
| Defendants. § § | | |

### REPLY TO SLAUGHTER INSURANCE AGENCY'S AND WILLIAM H. SLAUGHTER'S RESPONSE TO DEFENDANT ASTONISH RESULTS, L.P.'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Astonish Results, L.P. ("Astonish") and respectfully files this Reply to Slaughter Insurance Agency's and William H. Slaughter's Response to Defendant Astonish Result, L.P.'s Motion to Dismiss and Alternatively, Motion to Transfer Venue, and would respectfully show unto the Court as follows:

### I.   ARGUMENTS AND AUTHORITY

Plaintiffs spend the vast majority of their response arguing that venue is not proper in Rhode Island. Plaintiffs' response brief touches upon a handful of salient points in this regard, to which astonish replies for clarification. As to its motion to dismiss for failure to state a claim and failure to plead fraud with particularity, Astonish stands by its previous briefing in seeking dismissal of the Third Amended Petition.

### A.   Both Defendants Argue for Venue Under the Marketing Agreement

Plaintiffs allege that, because they have sued two defendants, each of whom has a contract with Plaintiffs, the fact that there are two differing forum selection clauses in the contracts renders each of the clauses impotent. Plaintiffs wholly ignore that Defendant Noreast Capital Corporation has filed its own motion to dismiss and to transfer venue based upon the **Marketing Agreement's** forum selection clause that Astonish relies upon – not the Lease Agreement. [Dkt No. 17] Both Defendants argue that this matter should be transferred to Rhode Island under the Marketing Agreement's forum selection clause. Since Plaintiffs do not claim to seek to enforce the forum selection clause in the Lease Agreement with Noreast, there is no competing forum selection clause sought to be enforced by any party to this lawsuit. As such, Plaintiffs have raised a distinction without a difference, and the Court should look solely to whether the forum selection clause in the Marketing Agreement should be enforced.

### B. The forum selection clause is valid

Plaintiffs claim in their response brief that they have a well pleaded complaint that alleges fraudulent inducement of the Marketing Agreement. However, Plaintiffs have neither plead for rescission nor that the forum selection clause *itself* was procured by fraud. [Dkt. No. 11] *See D'Antuono v. CCH Computax Sys. Inc.*, 570 F. Supp. 708, 715 (D.R.I. 1983) ("…misrepresentation in the procurement of a contract is not, standing alone, a basis on which a forum selection covenant contained therein can *ipso facto* be invalidated…"). Accordingly, the forum selection clause in the Marketing Agreement should enjoy the presumption of its validity. *Id*; *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988). Astonish, therefore, asks the Court to transfer venue to Rhode Island, in the event outright dismissal is not granted.

### C. Relative Convenience

Finally, Plaintiffs argue that the relative convenience of the forum of Texas is superior to Rhode Island. However, each of Plaintiffs' statements that the Marketing Agreement was negotiated, entered into and performed in Texas is easily responded to by acknowledging that the same obviously holds true for Rhode Island and Astonish.

While Plaintiffs argue that Astonish should have foreseen that the Marketing Agreement was for the benefit of a Texas resident and for services to be performed in Texas, Plaintiffs wholly ignore the fact that **there is a forum selection clause for that very reason**. The fact that half of the contracting parties are in a state outside of Rhode Island is obviously why the forum selection clause and the governing law clause exists in the Marketing Agreement.[1]

## II.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Astonish Results, L.P. respectfully asks the Court to enter an order granting its Motion to Dismiss and in the alternative, granting its Motion to Transfer Venue, as well as for such other relief at law or in equity to which Astonish is justly entitled.

---

[1] Plaintiffs incorrectly argue that Texas substantive law governs the Marketing Agreement, despite the clear language of Paragraph 13 identifying the law of Rhode Island as controlling. *See* Exhibit A to Astonish's Motion to Dismiss, [Dkt. No. 28-1]

Respectfully submitted,

**GODWIN RONQUILLO PC**

By: /s/ W. Ira Bowman
    **Jerry C. von Sternberg**
    State Bar No. 20618150
    **W. Ira Bowman**
    State Bar No. 24050316

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4485
214.527.3239 – Facsimile

**ATTORNEYS FOR ASTONISH RESULTS, L.P.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below, a true and correct copy of the foregoing document has been served upon all counsel of record via ECF notification:

| December 21, 2010 | /s/ W. Ira Bowman |
|---|---|
| Date | W. Ira Bowman |